**Balwinder SINGH, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 02–72557.

Agency No. A76–847–407.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 16, 2005.

Patrick O. Cantor, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Janice K. Redfern, Terri J. Scadron, Esq., Office of Immigration Litigation Civil Division, Michael P. Lindemann, Esq., Christopher C. Fuller, OIL, Department of Justice Civil Division, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Balwinder Singh, a native and citizen of India, petitions for review of the order of

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies between Singh's testimony and documentary evidence regarding two warrants for his arrest. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies are not minor if they go to the heart of petitioner's asylum claim). Singh's submission of false documents provided substantial support for the IJ's adverse credibility finding. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004); *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir.1999) (explaining that "the presentation of a fraudulent document in an asylum adjudication for purposes of establishing the elements of an asylum claim" is a proper basis for an adverse credibility finding).

Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's contention that the BIA's streamlining decision denied him due process of law is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

Pursuant to *Desta*, 365 F.3d at 749–50, Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

